Filed 7/31/13  Reilly v. Inquest Technology CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PETER REILLY, | |
| Plaintiff and Respondent, | G047487 |
| v. | (Super. Ct. No. 30-2009-00333233) |
| INQUEST TECHNOLOGY, INC., et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Frederick Paul Horn, Judge.  Affirmed.

Gordee, Nowicki & Augustini and Bryan Arnold for Defendants and Appellants.

Law Offices of Anthony Kornarens and Anthony Kornarens for Plaintiff and Respondent.

This is the second appeal we have considered following a jury's general verdict and final judgment entered in favor of Peter Reilly in his action against Inquest Technology, Inc. (Inquest), and its owners David Singhal and Pradeep Sethia (referred collectively and in the singular as Inquest, unless the context indicates otherwise). In our concurrently filed opinion *Reilly v. Inquest Technology, Inc., et al.* July 31, 2013, G046291, (*Reilly I*), we affirmed the final judgment against Inquest, awarding Reilly $2,065,702 for owed sales commissions. We rejected Inquest's argument the trial court erred by permitting the jury to consider and apply the Independent Wholesale Sales Representatives Contractual Relations Act of 1990 (the Act) (Civ. Code, § 1738.10 et seq.),[1] created to protect sales representatives by mandating security and clarifying the contractual duties of each party (§ 1738.10). We also determined there was substantial evidence to support the jury's findings regarding breach of contract and damages.

In this appeal, Inquest appeals from an unopposed award of attorney fees, arguing that if we determined in *Reilly I* the Act did not apply to Inquest, the attorney fee award is improper and should be reversed. We affirm the $113,841.10 attorney fee award.

I

We adopt and incorporate by reference the facts and analysis from our opinion in *Reilly I* and will not repeat them here. Suffice it to say, we upheld the trial court's determination, the jury instructions, and the jury's general and special verdicts, finding, inter alia, Inquest violated its duty under the Act.

Inquest acknowledges that under the Act, the prevailing party is entitled to an award of attorney fees and costs. (§ 1738.16.) Because Inquest does not challenge the amount of the award, and agrees the award is proper if the Act applies, additional discussion is not necessary other than to adopt and incorporate by reference our analysis

_____

[1] All further statutory references are to the Civil Code.

and discussion from *Reilly I.*  Simply stated, the court properly granted summary adjudication on the issue of whether the Act applied.  Moreover, Inquest adopted a deliberate but risky trial strategy to champion application of the Act before, during, and after trial.  After losing the case, it cannot be heard to complain now application of the Act is objectionable or claim prejudicial error.

## II

The postjudgment order awarding attorney fees is affirmed.  Respondent shall recover his costs on appeal.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.

3